No. 62.—EDWARD CAREY, Assignee of the Bank of Columbus, *vs.* DANIEL McDOUGALD, and others, and the Hon. ROBERT ALEXANDER. Judge of the Chattahoochee Circuit.

[1.] Exceptions to the opinion of the Superior Courts may be taken at any time within the thirty days prescribed by law ; and when tendered, it is the duty of the presiding Judge to certify and sign the same, if such bill of exceptions be true and consistent with what has transpired in the cause before him.

Application for a Mandamus, to be directed to the Hon. Robert Alexander, Judge of the Chattahoochee Circuit, requiring him to certify and sign a bill of exceptions, tendered.   The facts appear in the decision of the Court.

WM. DOUGHERTY, for the application.

*By the Court.*—LUMPKIN, J. delivering the opinion.

[1.] A bill was filed in the Superior Court of Muscogee county, by Edward Carey, as the Assignee of the Bank of Columbus, a judgment creditor of the Planters' and Mechanics' Bank of Columbus, against Daniel McDougald, and others, who were alliged to have been stockholders in said Bank, and as such, liable by the provisions of the charter of said Bank, individually, *pro rata*, for the payment of complainant's said demand.   To this bill, the Clerk annexed the usual subpœna.   Leave was applied for and granted at the several successive terms of the Court, to amend said bill by inserting the names of new parties ; and among the rest, that of David P. Hillhousse ; and to perfect service of said original bill, and amendments.   A second original and copy of this bill was placed in the hands of the sheriff of Richmond county, of this State, who returned the same to the Clerk's office of Muscogee county, with an entry of personal service on Hillhouse. At May term, 1848, of Muscogee Superior Court, Messrs. Colquitt and Wellborn moved for, and obtained an order, declaring the service on Hillhouse void, and directing that he be discharged, on the ground that a copy of the original bill alone was served, which contained no prayer for process, and no subpœna against the said Hillhouse.   To this proceeding the complainant's so-

licitor objected, and offered to amend the subpœna to said original and second original bills, and to insert the name of Hillhouse therein. The Court overruled the application to amend. The next day, and while the Superior Court was yet in session, the complainant's solicitor gave notice of his intention to except to said decision and judgment of the Court, and subsequently tendered a bill of exceptions in terms of the law. His Honor, Judge Alexander, refused to sign them, on the ground that the decision was not excepted to before the judgment of the Court disposing of that motion had been passed and entered of record. And it is now submitted to this Court, by agreement between the presiding Judge and the counsel of Carey, without the formality and delay of a Mandamus *nisi*, whether the plaintiff is of right entitled to his bill of exceptions.

This Court concedes that it may be very desirable, both to the Court below, whose decision is complained of, and to the opposite party, in whose favor it is made, that notice should immediately be given of the intention of the suitor, who alleges error, to except. We are aware, too, of the construction given by the English Courts to the statute *West.* 2, upon which it has been held, that although the statute appoints no time when the exception should be reduced to writing, yet upon the nature and reason of the thing, it must be when the exception is taken and disallowed. *Law, Taylor & Co. vs. Samuel Coldsmith, R. M Charlton's R.* 288.

We are of opinion, however, that the act creating this Court, contains no such provision. On the contrary, it expressly declares that " any cause, of a civil nature, either on the Law or Equity side of the Superior Court, may be carried up to the Supreme Court on a bill of exceptions, specifying the error or errors complained of in any decision or judgment, to be drawn up by the party complaining thereof, his counsel, solicitor, or attorney, within (formerly *four*, now) *thirty* days, and submitted to the Judge before whom the cause may have been heard, to be by him certified and signed." " And upon exhibition of any such bill of exceptions to the Judge of the Superior Court, *it shall be his duty*, if such bill of exceptions be true and consistent with what has transpired in the cause before him, to certify and sign the same." *Laws of Ga.* 1845, *p.* 18.

It is obvious, therefore, that to require of the party to give no-

Carey *vs.* McDougald and others.

tice of his purpose to except to the decision at the time it is made, is to interpolate upon the statute. It is to superadd a term which the Legislature has not seen fit to insert. The organization of this tribunal was designed, mainly, for the benefit of persons who felt themselves aggrieved by the decisions of the Superior Courts. To impose on such a duty not required by law, would seem, therefore to be a perversion of the primary object for which this Court was established. The Judges, to prevent the inconvenience to themselves, and the injustice which may ensue to suitors, from the treachery of memory, may, perhaps, find it necessary to make a minute of what transpires, as the trial proceeds. For, in the multiplicity of business crowded into a term, the facts attending the trial are extremely liable to be mistaken or forgotten. Still, the Legislature, in its wisdom, has finally fixed upon one month as the time within which cases may be brought up ; and it would be as competent for the Court to require of parties to give notice of their intention to enter an appeal from the verdict of a jury, as to force them to except, "before the judgment of the Court, disposing of the matter, has been passed and entered of record." And as to parties themselves, they must, at their peril, seek to obtain decisions which will not abide the test of legal scrutiny.

We are clear, therefore, that Edward Carey, Assignee, &c., is entitled to have his bill of exceptions certified and signed by his Honor, Judge Alexander, provided it be true and consistent with what has transpired in the cause before him.

We forbear to express any opinion as to the sufficiency of the service upon Hillhouse, or of the right of the complainant to amend the original and second original bills, after the defendant had been served.